IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL GALE WORTH                                                                                          PLAINTIFF

v.                                        Case No. 1:20-cv-1054

CAPTAIN RICHARD MITCHAM,
Jail Administrator; NURSE SHERRI RICE;
and DOCTOR HOPKINS                                                                                      DEFENDANTS

## ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this action.

Plaintiff filed her Complaint on October 27, 2020 proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 5, 6).  An Amended Complaint was filed on December 10, 2020.  (ECF No. 10). On March 3, 2021, the Court entered an Order (ECF No. 23) directing Plaintiff to respond to Separate Defendant Dr. Deanna Hopson's Motion to Dismiss, or, in the Alternative, Motion to Consolidate (ECF No. 21) by March 24, 2021.  Plaintiff was advised that failure to comply with the Order by the deadline would result in the dismissal of his case.  (ECF No. 23).

On March 18, 2021, the Order (ECF No. 23) was returned to the Court marked "return to sender, not deliverable as addressed, unable to forward." (ECF No. 24).  The envelope was further marked "RTS."  (*Id.*).  On March 24, 2021, another Order of the Court (ECF No. 18) was returned to the Court marked "return to sender, not deliverable as addressed, unable to forward." (ECF No. 25).  In addition, the envelope was stamped "Union County Sheriff's Dept, Return to Sender, Reason:  not here." (*Id.*).   The Court has no new address for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

More than thirty (30) days have passed since mail sent to Plaintiff at her address of record was returned as undeliverable. Plaintiff has failed to keep the Court informed of her current address and failed to prosecute this case. Therefore, pursuant to Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 10) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of April 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge